UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVIE JONES,

        Petitioner,

                                                              Case No. 2:17-cv-12323

v.

                                                              HON. MARK A. GOLDSMITH

J.A. TERRIS,

        Respondent.

_____/

## OPINION & ORDER
## GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
## (Dkt. 6)

      This is a habeas case brought pursuant to 28 U.S.C. § 2241. Stevie Jones, ("Petitioner"), was a federal prisoner confined at the Federal Correctional Institution in Milan when he filed his habeas petition on July 14, 2017. Petitioner challenges a determination by the Bureau of Prisons to place him in a residential reentry center for a period of only three months. Petitioner contends that the decision to delay his placement violates his First Amendment rights because it was made in retaliation for appealing an earlier decision by the Bureau of Prisons. Though he does not say so explicitly, Petitioner appears to request immediate placement in a residential reentry center.

      On or about October 3, 2017, Petitioner was placed in the Detroit Residential Reentry Program, and he was released from the custody of the Bureau of Prisons on December 29, 2017, see Suggestion of Mootness Due to Petitioner's Release (Dkt. 7). Respondent filed a motion to dismiss the petition on the grounds that Petitioner's placement in the residential reentry program moots his petition. For the reasons stated herein, the Court finds that this case has been rendered moot and dismisses the habeas petition.

## I. DISCUSSION

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. Ailor v. City of Maynardville, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer live because the party seeking relief has obtained the relief requested. See, e.g., Johnson v. Riveland, 855 F.2d 1477, 1479-1480 (10th Cir. 1998).

As noted, Petitioner has already been placed in a residential reentry center – the relief he requests in his petition. Because Petitioner has obtained the requested relief, the case has been rendered moot and the habeas petition must be dismissed on that basis.

## II. CONCLUSION

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. The case has been rendered moot. Accordingly, the Court dismisses with prejudice the petition for a writ of habeas corpus.

SO ORDERED.

Dated: July 16, 2018  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
                                                                     United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2018.

                                                  s/Karri Sandusky
                                                  Case Manager